UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EUGENE BAUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-cv-00193-JPH-MG ) |
| RED DOT STORAGE UNITS, ALTERNATIVE SOLUTIONS, | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

William Baugh filed this complaint seeking payment for stolen property that he had stored at a facility called Red Dot Storage Units/Alternative Solutions. Because Mr. Baugh's complaint fails to state a claim for which relief may be granted, he shall have **through May 22, 2023,** to file an amended complaint.

### I. Granting *in forma pauperis* status

Mr. Baugh's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [3]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Baugh to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

### II. Screening Complaint

1

### A. Screening standard

Because Mr. Baugh is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Here, Mr. Baugh alleges that he stored several items of antique furniture and other personal property in a storage unit that he rented at "Red Dot Storage Units/Alternative Solutions." Dkt. 2 at 7. The total value of the items in the unit was $9,450. Dkt. 2-1 at 10. When he rented the unit, service personnel explained that if he paid an extra fee for insurance, any loss that was not covered by his personal insurance would be covered by Red Dot. Dkt.

2

2 at 7-8. In April 2021, Mr. Baugh's storage unit at Red Dot was burglarized. Dkt. 2-1 at 7 (Incident Report). Mr. Baugh's personal insurance paid him $5,000 for the theft, but Red Dot refused to cover the balance, which he estimated at $4,450. Dkt. 2 at 8.

Mr. Baugh alleges that Red Dot's failure to pay violates his Fourteenth Amendment Due Process rights. *Id.* at 2–3. He seeks damages for the $4,450 remaining value not covered by his personal insurance and lost profits he could have made on the sale of the items, which he estimates at $1,112.50. *Id.* at 3.

### C. Discussion of claims

Mr. Baugh's Fourteenth Amendment due process claim **must be dismissed** for failure to state a claim because Red Dot is not a state actor. The "Fourteenth Amendment[] to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). "A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." *L.P. v. Marian Catholic High School*, 852 F.3d 690, 696 (7th Cir. 2017) (citation omitted). "[T]he plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" *Id.* Here, Mr. Baugh does not include any allegation that Red Dot was "a willful participant" in any action with the State or its agents. *See* dkt. 2. Therefore,

3

the Fourteenth Amendment claim against Red Dot must be dismissed.

### III. Conclusion and directing further proceedings

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Baugh shall have **through May 22, 2023, in which to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 2 and must conform to the following guidelines:

(a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"

(b) the amended complaint must include a demand for the relief sought;

(c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and

(d) the amended complaint must include the case number referenced in the caption of this Order, 2:23-cv-00193-JPH-MG and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915A. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 4/24/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM EUGENE BAUGH
913588
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only