UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EUGENE BAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00193-JPH-MG |
| ) | |
| RED DOT STORAGE UNITS, ) | |
| ALTERNATIVE SOLUTIONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

On April 24, 2023, the Court screened and dismissed Mr. Baugh's complaint for failure to state a claim under the Fourteenth Amendment because Red Dot Storage Units is not a state actor. Dkt. 9. The Court gave him until May 22 in which to file an amended complaint. *Id.*

Mr. Baugh responded quickly by filing an amended complaint. Dkt. 10. However, the amended complaint does not state a claim that can proceed in this court. In the amended complaint, Mr. Baugh realleges that his storage unit at Red Dot was burglarized. Dkt. 10 at 2. He also alleges that he spoke to an insurance representative who explained that "due to Red Dot Storage Units/Alternative Solutions being an LLC [] operating under Federal and State laws, [it] would be responsible for the remaining balance of" his loss. *Id.* Because Red Dot has refused to pay the balance of his loss, he seeks $5,562.50 in damages in this suit. *Id.* at 3.

While Mr. Baugh alleges that someone told him Red Dot was liable under "federal laws" he does not cite any provision of federal law that would establish

1

this sort of general insurer's liability on the part of an LLC; nor is the Court aware of any. Instead, the general rule is that state law determines the rights and duties of businesses organized in that state. *See e.g., Abrams v. McGuireWoods LLP*, 518 B.R. 491, 499 (N.D. Ind. Jul. 25, 2014).

However, even if Mr. Baugh could raise a claim for the unpaid balance under Indiana law, this Court would not have diversity jurisdiction over that claim. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*."). A plaintiff "invokes § 1332 jurisdiction when []he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted). In this case it appears that both Mr. Baugh and Red Dot storage are citizens of Indiana, so there is no diversity of citizenship. And even if there was, Mr. Baugh seeks only $5,562.50—which does not exceed the $75,000 amount in controversy minimum.

In sum, because Mr. Baugh has not raised a federal claim and the Court would not have diversity jurisdiction over a state law claim, it appears that this case must be dismissed. Mr. Baugh shall have through **May 23, 2023**, in which to show cause why this case should not be dismissed for the reasons explained here and in the Court's screening order, dkt. 9. His response must specifically identify how his amended complaint asserts a claim that this Court can resolve. If his response fails to do so, this case will be dismissed without

further notice.  *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (Dismissal of a complaint is appropriate if "the factual detail ... [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").  Also, failure to respond by that deadline will result in dismissal without further notice.

**SO ORDERED.**

Date: 5/2/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM EUGENE BAUGH
913588
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only